UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 26-6965-GW-MBKx Date: October 5, 2026

Title ***Kenneth P. Giavara v. Illumination Entertainment LLC, et al.***

Present: The Honorable: GEORGE H. WU, U.S. DISTRICT JUDGE

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: IN CHAMBERS – RULING ON INTERVENOR NICHOLAS GERARD VARGA'S MOTION TO INTERVENE [19]**

Before the Court is *pro se* Intervenor Nicholas Gerard Varga's ("Varga's") Motion to Intervene. *See* Motion, Docket No. 19. Plaintiff Kenneth P. Giavara ("Giavara") and Defendants in this action filed separate oppositions. *See* Giavara's Opposition, Docket No. 21; Defendants' Opposition, Docket No. 23. The Court has considered the Motion, the oppositions, and Varga's reply. *See* Reply, Docket No. 28. Under Federal Rule of Civil Procedure 78 and C.D. Cal. L.R. 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for October 8, 2026 is hereby **VACATED** and the matter is taken off calendar. For the reasons stated herein, the Court **DENIES** the Motion.

## I. Background

Plaintiff Giavara brings this copyright infringement action alleging that the 2023 animated feature film *Migration* infringes his screenplay entitled *South for the Winter*. *See* Complaint, Docket No. 1, ¶ 1. Giavara names as defendants *Migration*'s writer Mike White ("White"), along with the production companies and distributors (*i.e.* Illumination Entertainment LLC ("Illumination"), Universal Pictures, Inc., Universal City Studios LLC, and Does 1-10). *Id.* ¶¶ 14-20, 50.

Varga, seeking to intervene in this action, is the author and copyright holder of an entirely different screenplay entitled *Mine! Finding Disney Land* ("*Mine!*"). *See* Motion ¶¶ 1, 5. Varga similarly claims that *Migration* infringed his screenplay. *Id.* Attached to his Motion is a proposed complaint naming the same defendants, along with additional defendants Backstage, Screencraft,

Coverfly, Nantucket Film Festival, and Tony Cox Screenplay Awards. *See* Proposed Complaint, Docket No. 19-1 at 48. Varga has previously litigated similar allegations in the District of New Hampshire and is currently appealing to the First Circuit the district court's dismissal of those claims.[1] *See Varga v. White*, No. 1:24-cv-00130-LM-TSM (D.N.H.), Docket No. 106. On September 3, 2026, Varga filed the instant Motion seeking to intervene in this action under both Federal Rules of Civil Procedure 24(a)(2) and (b)(1)(B), arguing that intervention is proper because both sets of claims concern alleged copyright infringement by *Migration*. *See generally* Motion.

## II. Legal Standard

### A. Intervention of Right

"A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *see* Fed. R. Civ. P. 24(a)(2). "Failure to satisfy any of these requirements is fatal to a motion, and a court need not consider other elements if one is not satisfied." *United States v. Idaho*, 661 F. Supp. 3d 1017, 1021 (D. Idaho 2023) (citing *Cooper v. Newsom*, 13 F.4th 857, 864 (9th Cir. 2021)).

### B. Permissive Intervention

"[P]ermissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (internal quotation marks omitted); *see* Fed. R. Civ. P. 24(b)(1)(B). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Factors relevant to "making [a] discretionary decision on the issue of permissive intervention" include "the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position

---

[1] Varga sued numerous defendants including White and Illumination claiming that *Migration* violated his copyright in *Mine!*. *See* Report and Recommendation, Docket No. 84 in *Varga v. White*, No. 1:24-cv-00130-LM-TSM (D.N.H.). Eventually, his action against White was dismissed for lack of personal jurisdiction while his lawsuit against Illumination (and the other defendants) was dismissed on the merits. *Id*., *see also* Docket No. 101.

they seek to advance, and its probable relation to the merits of the case," as well as "whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

## III. <u>Discussion</u>

### A. Intervention of Right

The Court finds that Varga has not met his burden to establish that he has a significant protectable interest at stake in this action. Because that failure alone is a sufficient ground to deny intervention as of right, the Court does not reach the remaining Rule 24(a)(2) factors. *See E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1002 (9th Cir. 2024).

In his Motion, Varga asserts that he has a significant protectable interest in this litigation because his "registered copyright and asserted ownership interest are concrete legal interests directly related to *Migration* because he alleges protected expression from his screenplay was used in the film." *See* Motion ¶ 14. He further argues that this interest is related to the claims at issue because "both proceedings concern *Migration* and overlapping factual questions about screenplay development, access, circulation, entertainment-industry personnel, chronology, and alleged copying." *Id.* ¶ 15. He contends that inadequate representation from Giavara could lead to rulings on these issues that "impair Varga's ability to establish and protect his own claim if he is excluded." *Id.* ¶¶ 16-17.

The Court is not persuaded that Varga's asserted interest sufficiently relates to the present action to warrant his intervention. "A would-be intervenor has a significant protectable interest if the interest is protected by law and there is a relationship between that interest and the claim or claims at issue." *Cooper*, 13 F.4th at 865. "This requirement is met only if the resolution of the pending claims actually will affect the intervenor." *Miniace v. Pac. Mar. Ass'n.*, No. 04-cv-03506-SI, 2005 WL 2230149, at *2 (N.D. Cal. Sept. 13, 2005) (citing *Arakaki,* 324 F.3d at 1084). Varga's copyright claim concerns his own screenplay, *Mine! Finding Disney Land*, and all of the "overlapping factual questions" he cites (*see* Motion ¶ 15) are specific to that screenplay. Likewise, Giavara's claims here concern whether Defendants copied protected expression from his own screenplay, *South for the Winter*. Thus, adjudication of Giavara's claims would not determine those issues as to *Varga's screenplay*, including whether Defendants copied Varga's

protected expression. Indeed, that question is the subject of Varga's own copyright action in a different district, the dismissal of which is currently on appeal. Because he has not shown that his ability to protect the rights asserted in that separate action depends on the resolution of Giavara's claims, Varga is not entitled to intervention as of right.

### B. Permissive Intervention

Intervention may be allowed at the Court's discretion when the intervenor's claim and the current action have a common question of law or fact and allowing intervention "will not unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). In determining whether a "common question" exists, courts should construe the requirement liberally. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977). However, intervention under Rule 24(b) is "not intended to allow the creation of whole new lawsuits by the intervenors." *Deus v. Allstate Insurance Co.*, 15 F.3d 506, 525 (5th Cir. 1994).

As discussed above, the Court finds that Varga's claim does not have a common question of law or fact with the current action. The mere fact that both authors assert copyright claims concerning *Migration* does not establish a common question. The central questions here are specific to each author's work: ownership and validity of the asserted copyright, access to the screenplay, and substantial similarity between the plaintiff's protected expression and the accused film. Because Varga claims infringement of an entirely different screenplay, resolving Giavara's claims would not require the Court to determine whether Defendants had access to Varga's screenplay or copied its protected expression. Even assuming, though, that there are some common questions of fact concerning the film's development, the Court in its discretion would nonetheless decline to permit intervention. Litigating Varga's claims would require substantial additional factual development concerning his screenplay and its alleged infringement. His proposed complaint also names several additional defendants, further expanding the scope of this action. *See* Proposed Complaint. Any limited overlap between the claims does not outweigh the additional burden and delay from injecting an entire second copyright lawsuit into this action. *See Donnelly*, 159 F.3d at 412. Accordingly, the Court denies permissive intervention.

## IV. <u>Conclusion</u>

Based on the foregoing discussion, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**